UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-CV-20471 -GOLD/GOODMAN

MARIA ALVAREZ REYES AND
ALFONSO REYES,

    Plaintiffs,
v.

WYETH, INC. f/k/a American Home
Products, et al ,

    Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION FOR SANCTIONS (DE# 60) AND**

**PLAINTIFFS' AMENDED MOTION TO EXTEND EXPERT DEADLINES (DE# 68)**

    This cause is before me on Defendants' Motion for Sanctions (DE# 60) and Plaintiffs' Amended Motion to Extend Deadline for Serving Expert Witness Summaries and Reports (DE#68). The Court has reviewed both motions and all the memoranda filed by the parties on these two motions. In addition, the Court held a hearing on September 20, 2011. For the reasons outlined below, the motions are both **GRANTED IN PART AND DENIED IN PART**.

    Plaintiffs' sanctions motion outlines a scenario in which Plaintiffs have failed to timely and completely produce their exhibit list and trial exhibits, violated a court order compelling production of the preliminary exhibits, ignored Defendants' repeated efforts to obtain the information or updates about when the information would be forthcoming, failed to timely disclose expert witness reports and belatedly (after expiration of the deadline) filed a motion to extend the deadline to provide a list of experts and to produce their summaries and reports.

    Plaintiffs' response is, in a nutshell, that counsel made a "calculated gamble" which backfired. Basically, counsel wanted to see whether he could settle this case (and others) with

national settlement counsel before incurring the significant costs associated with the retention of case-specific trial experts. Plaintiffs' counsel represented to the court, both in writing and at the hearing, that he met with Wyeth's counsel in New York in July 2011 and, until mid-August 2011, "believe[d] that there was a significant chance that this case would resolve via settlement." (DE# 62, p. 1)

The Court makes the following observations about this explanation:

First, Plaintiffs' counsel conceded that he did not advise Defendants' trial counsel (who is handling *this* case and who wrote the myriad emails requesting production) that he had been exchanging information with national settlement counsel in New York, nor did he advise her that he was flying to New York for a settlement meeting in July.

Second, Plaintiffs' counsel never asked defense counsel in this case for an enlargement of time in which to provide exhibit lists (and the exhibits) and to provide expert witness information.

Third, Plaintiffs' counsel never filed a motion asking this Court for an enlargement of time in which to provide information required by an order granting a motion to compel. Instead, he simply did not comply with the Order.

Fourth, the motion for additional time in which to comply with the expert deadlines was filed after, not before, the deadline expired.

Fifth, the mere fact that counsel hoped to settle a case does not justify violation of a court order and does not excuse repeated failures to even respond to defense counsel's repeated efforts to defend her client by obtaining Plaintiffs' exhibit list, exhibits and expert discovery.

Defendants seek extreme relief for these transgressions. They want the Court to strike Plaintiffs' pleadings, strike Plaintiffs' expert witnesses, strike Plaintiffs' preliminary exhibit lists

and to prevent Plaintiffs from introducing at trial any exhibits on the list. It also wants fees and costs incurred on the sanctions motion.

Plaintiffs oppose the motion and ask the Court to give them 30 additional days to provide expert witness reports from a pathologist and radiologist and 45 additional days to provide an expert witness report from an oncologist (who has not yet even been retained). The request made by Plaintiffs' counsel at the September 20, 2011 hearing would mean that Plaintiffs would have until October 20, 2011 to provide two expert reports and until November 4, 2011 to provide the oncologist's report. But Plaintiffs' initial written motion (DE# 64), filed on August 18, 2011,[1] asks for 45 days, which would mean an October 3, 2011 deadline for all three expert witness reports.

The Court will provide some relief to both parties, but not to the extent requested:

1. Plaintiffs shall **deliver** to defense counsel all case-specific expert witness reports from their pathology, radiology and oncology experts no later than October 3, 2011. Plaintiffs may not use for any purpose (including trial or for pre-trial motions, such as summary judgment motions or oppositions to such motions) any expert witness whose report has not been produced and delivered to defense counsel by this deadline.

2. Likewise, Plaintiffs may not use for any purpose any expert opinion not revealed in an expert report produced and delivered on or before October 3, 2011. If, for example, the report from the oncologist discloses five conclusions, Plaintiffs may not use for any purpose any conclusion other than those five specifically delineated in the report.

3. The Court understands that Plaintiffs' counsel may need to pay a premium to obtain an expert report on relatively short notice. But this result, if it occurs, would be caused by Plaintiffs' counsel himself. Therefore, to the extent that Plaintiffs obtain any type of

---

[1] United States District Judge Alan S. Gold denied the motion without prejudice (DE# 65) because it failed to comply with Local Rule 7.1(a)(3), which requires a pre-filing conference with opposing counsel and a certificate explaining the efforts made to resolve the issue.

recovery in this case (from either a settlement or a trial verdict), Plaintiffs will **not** be responsible for the portion of any expert witness fees incurred as a result of Plaintiff's now "rushed" need for immediate expert assistance. Instead, Plaintiffs' **counsel** will have that financial obligation. Thus, Plaintiffs' counsel shall not deduct or subtract any premium expenses charged by any expert to the Plaintiffs, and the closing statement (if there is a recovery) shall not offset any recovery with an expense or cost generated by an expert who charged counsel a premium because of the time constraints.

4. Defendants shall have 45 days from receiving an expert report from Plaintiffs to deliver a reciprocal expert report from their rebuttal experts.

5. Plaintiffs may not use for any purpose any exhibit not on the thumb drive previously given to defense counsel or not included in the hand delivery of documents made to defense counsel under an August 12, 2001 cover letter.

6. Plaintiffs shall submit to defense counsel by September 30, 2011, a final version of their exhibit list. To the extent that Plaintiffs wish to use exhibits from their "first" list, then those exhibits (as well as any from the "first" list which Plaintiffs wish to use) must be on the final version of the exhibit list delivered by September 30, 2011.

7. Defense counsel shall contact attorney Alan Waxman, the New York attorney whom Plaintiffs' counsel said he met with for a settlement discussion in July 2011, and obtain from him an affidavit or declaration explaining whether he believes that there was a "significant chance" that this case would settle before he ended his meeting and had any follow-up discussions with Plaintiffs' counsel. This affidavit or declaration, which must be filed by September 30, 2011, shall explain how many cases Plaintiffs' counsel discussed at the meeting, how many of those cases settled, the length of the meeting,

how much time was spent discussing this case and whether Mr. Waxman or anyone else associated with Defendants ever advised Plaintiffs' counsel that the case was likely to settle.

## **Mandatory Attorney's Fees**

Federal Rule of Civil Procedure 37(a)(5) **requires** courts to impose an award of expenses in connection with a discovery motion unless the court finds one of the limited exceptions applicable.  This Rule mandates an expense award (unless an exception applies) *even when a party turns over discovery before being ordered to do so* (so long as the materials were produced *after* the motion to compel is filed).  Specifically,  Rule 37(a)(5) provides that a court "must" require the party or attorney advising the conduct (or both) to pay the movant's reasonable expenses, including attorney's fees, unless (1) the movant filed a motion before conferring, (2) the nondisclosure or objection was "substantially justified" or (3) "other circumstances" make an expense award "unjust."

The Court finds that Plaintiffs, through their counsel, violated a specific court order and engaged in delay in connection with their disclosure obligations – a pattern which forced Defendants to file a motion to compel.

The Court is not required to find (and does not find) that Plaintiffs' counsel acted in bad faith before awarding fees.  *See Devaney v. Continental American Ins. Co.,* 898 F.2d 1154, 1161-62 (11th Cir. 1993) (noting that the court need not find bad faith to enter an expense award against an attorney and explaining that "when an attorney advises a client in discovery matters, he assumes a responsibility for the professional disposition of that portion of a lawsuit and may be held accountable for positions taken or responses filed during that process"); *A.F.of L-A.G.C. Building Trades Pension & Welfare Plans v. W.E. Davis & Sons Constr. Co., Inc.,* No. 03-769, 2005 U.S. Dist. LEXIS 42721 (S.D. Ala. Dec. 12, 2005) (holding that a Rule 37 expense award is mandatory and explaining that an evidentiary hearing was not required).

Because Plaintiffs themselves were not responsible for the delays, failure to comply with a court order and other delay-type activities, the Court concludes that the mandatory expense award will be entered in Defendants' favor *only* against Plaintiffs' lead *counsel.*

The Court is "itself an expert on the question [of determining an hourly rate for attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Auth.,* 836 F. 2d 1292, 1303 (11th Cir. 1988). Moreover, the Court prefers to avoid the potentially time-consuming litigation which might be generated on the purely collateral matter of the amount of the expense award under Rule 37.

Therefore, the Court concludes that **$1,500.00** is an appropriate award for expenses concerning Defendants' motion for sanctions for discovery failures. The Court concludes that this amount is reasonable and fair. However, if any party objects to the amount of the award, they may, within 3 days of this Order, file a motion for an evidentiary hearing and simultaneously file as an attachment to the motion the time and billing records for all attorneys at his or her firm relating to this motion for sanctions. The Court will timely schedule an evidentiary hearing requested under this procedure.

This award shall be paid solely by Plaintiffs' lead counsel (not his associates, not his law firm, and not his clients, the Plaintiffs) and shall be paid within 10 days of this Order.

Similar to the Court's ruling on any premium expense charged by an expert witness, Plaintiffs' counsel shall not treat the $1,500.00 as a cost or expense which is deducted from the total recovery, if any. Therefore, the closing statement (in the event of a recovery) shall not reflect any type of offset, deduction, expense or cost from Plaintiffs' side of the ledger.[2]

---

[2] This expense award is not a disciplinary sanction against counsel. Instead, as noted, it is only the implementation of the mandatory expense-shifting mechanism of the Rule. Therefore, counsel would not be required to disclose this award if asked (by, for example, an insurance carrier, a judicial nominations commission, a prospective employer, etc.) whether a court has ever imposed a disciplinary sanction on him.

Plaintiffs' lead counsel shall submit an affidavit of compliance concerning this payment obligation to the Court's e-file inbox (i.e., goodman@flsd.uscourts.gov), which is separate and distinct from the public CM/ECF filing system, within 5 days of making the $1,500.00 expense award payment.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 21st day of September, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Alan Gold

All Counsel of Record